**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA RUSSELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24 CV 5197** |
| | ) | |
| **VILLAGE OF SKOKIE; CHIEF BRIAN** | ) | **Jury Trial Demanded** |
| **BAKER, in his individual capacity;** | ) | |
| **CHIEF JESSE BARNES, in his** | ) | |
| **individual capacity; COMMANDER** | ) | |
| **TIMOTHY GRAMINS, in his individual** | ) | |
| **capacity.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, Melissa Russell, by her attorneys Keith L. Hunt and Delaney A. Hunt of Hunt Law PC, complains against the Defendants as follows:

### Nature of the Claim

1.     The Plaintiff brings this case under 42 U.S.C. § 1983 (Equal Protection), Title VII and the Illinois Human Rights Act against Defendants for unlawfully discriminating against Plaintiff based on her gender, for creating and maintaining a work environment hostile toward women, and for failing to promote Plaintiff; for retaliating against Plaintiff after she complained about unlawful gender discrimination and harassment and for exercising her rights under the Americans With Disabilities Act.  In addition, Plaintiff brings claims based on the failure to pay overtime in violation of the Fair Labor Standards Act. Plaintiff also brings state law claims for violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, and for other violations of her rights.

**The Parties**

2.      The Plaintiff, Melissa Russell, is a resident of Lake County, Illinois.

3.      The Defendant, Village of Skokie, is an Illinois Municipal Corporation located in Cook County, Illinois which operates the Skokie Police Department.

4.      The Defendant, Chief Brian Baker, is a resident of Lake County, Illinois. Baker is now retired and is sued in his individual capacity.

5.      The Defendant, Chief Jesse Barnes, is a resident of Lake County, Illinois and is sued in his individual capacity.

6.      The Defendant, Commander Timothy Gramins, is a resident of Lake County, Illinois and is sued in his individual capacity.

**Jurisdiction & Venue**

7.      This Court has jurisdiction over the parties and the subject matter.

8.      This Court has federal subject matter jurisdiction over the Plaintiff's federal law claims (Title VII, ADA Retaliation and FLSA) and constitutional claims (§1983) pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims (IMWL & IWPCA) under 28 U.S.C. §1367.

10.     Venue is proper in this court under 28 U.S.C § 1391(b)(2) as the unlawful employment practices stated in this Complaint were committed in the Northern District of Illinois.

**FACTS**

11.     At all relevant times, the Plaintiff was a police officer working for the Defendant Village of Skokie in its Police Department.

12.     Plaintiff currently holds the rank of Sergeant.

13.     Plaintiff is female.

14.     Plaintiff has been harassed because of her sex (female) and has been subjected to conduct, unwarranted complaints and treatment to which her similarly situated male counterparts are not subjected.

15.     Plaintiffs similarly situated male counterparts have received more favorable treatment and consideration than Plaintiff.

16.     Plaintiff has been harassed and subjected to unwarranted complaints from supervisors and a co-worker, including but not limited to complaints regarding:

    a.  Her use of time and paid time off (PTO);

    b.  Working from home and working overtime;

    c.  Being out of uniform immediately prior to attending physical therapy and other medical appointments during work hours due to injuries sustained in the line of duty;

    d.  By otherwise subjecting Plaintiff to unwarranted complaints and other forms of harassment.

17.     Certain supervisors, including Gramins, made complaints about Plaintiff just before the promotional process in an effort to lower Plaintiff's promotability score and/or to negatively impact her ability to be promoted.

3

18.     Plaintiff was subjected to several false complaints claiming she misused time in violation of the department's policy.

19.     Beginning in February 2021, and continuing to the present, Defendants required Plaintiff to use personal time for all medical treatments and physical therapy appointments stemming from her injuries sustained in the line of duty.

20.     Beginning in February 2021, and continuing to the present, Defendants required Plaintiff use her personal insurance, rather than workers' compensation, and her own personal funds to pay for all medical treatments and physical therapy appointments stemming from her injuries sustained in the line of duty.

21.     In April 2021, Commander Gramins undermined a project Plaintiff was working on and questioned her decision-making abilities.

22.     Plaintiff reported Commander Gramins' conduct to Commander Pawlak.

23.     Commander Gramins continued to undermine Plaintiff's work.

24.     Commander Gramins has subjected Plaintiff to greater scrutiny than male employees, including constantly observing Plaintiff working in her office even though Gramins was never Plaintiff's supervisor.

25.     Gramins has been frequently seen loitering outside Plaintiff's office even though Gramins is not Plaintiff's direct supervisor and his office is on the other side of the building.

26.     In August 2022, Plaintiff was subjected to unwarranted complaints and was written up as a result of her working out on her lunch break.

27.     Plaintiff typically works out in the early morning hours before beginning her shift.

28.     Male employees are permitted to work out on their lunch breaks and are not disciplined for doing so.

29.     In August 2022, Plaintiff was disciplined for wearing street clothes at work because she was going to physical therapy for her on-duty injury.

30.     Male employees are not disciplined for wearing street clothes at work.

31.     Baker and Barnes forced Plaintiff to use vacation days instead of sick days for medical treatments stemming from a work-related injury.

32.     Baker and Barnes did not force males to use vacation days instead of sick days for medical treatments.

33.     Baker and Barnes did not closely monitor how males enter "time off" and whether the days are used as vacation days, sick days, or otherwise.

34.     In August 2022, (then Deputy Chief) Barnes accused Plaintiff of abusing overtime.

35.     In August 2022, Barnes instructed Plaintiff that she needs to communicate with her subordinates when leaving the building, despite that Plaintiff had already done so.

36.     Barnes created the illusion that Plaintiff is not properly doing her work and communicating with her subordinates and other co-workers.

37.     In August 2022, Barnes instructed Plaintiff that she needed to change the way Plaintiff accounted for her time in the online PACE system for injury-on-duty medical appointments.

38.     On information and belief, Barnes did not instruct male employees to change the way their time is entered into the PACE system.

39.     Plaintiff is a member of a specialty unit, Programs and Planning ("P&P").

40.     In September 2022, Barnes instructed Plaintiff that as a member of P&P, she is obligated to take calls, texts and emails outside of work hours and is not allowed to log or seek compensation for that time.

41.     In doing so, Barnes effectively required Plaintiff to work overtime but is not allowed to be compensated for that time.

42.     In October 2023, Barnes questioned Plaintiff's time for attending a three (3) day training session in Bloomington and a one (1) day presentation in Chicago.

43.     As a result, Barnes required Plaintiff to manually enter notes for the training days in the time keeping system (PACE) even though males are not required to do so.

44.     Around the same time, in September 2023, Sergent John Oakley attended a two (2) week training.

45.     Sergent John Oakley was never questioned about his time for attending the two (2) week training.

46.     Sergent John Oakley was never instructed or forced to manually enter notes regarding the training days.

47.     Plaintiff's male counterparts are not forced to manually enter notes for training days.

48.     Plaintiff has suffered several injuries that occurred in the line of duty, including a severe injury to her neck and shoulder for which she still is receiving treatment.

49.     Plaintiff also suffered an eye injury during a firing range training exercise for which she is currently receiving treatment.

50. These injuries and conditions constitute "disabilities" within the meaning of the Americans With Disabilities Act and the ADAAA.

51. Although the department has accommodated these disabilities, the department and Plaintiff's superiors, including Barnes and Gramins, have held the disabilities and the corresponding time she is required to receive medical treatment against her, in one or more of the following ways:

    a. By harassing her about the time she is taking off for medical treatments;

    b. By holding against Plaintiff the amount of time she is required to undergo medical treatments and physical therapy in annual performance evaluations and in the promotional process;

    c. By questioning her time and use of PTO;

    d. By requiring Plaintiff to use her personal sick time and vacation time to attend medical appointments even though the injuries were duty related and continuing to do so;

    e. By requiring Plaintiff to pay for her medical treatments and physical therapy using her personal health insurance rather than workers' compensation and continuing to do so;

    f. By failing to promote Plaintiff; and

    g. By otherwise harassing and retaliating against Plaintiff.

**The Department Failed to Promote Plaintiff Based on Her Gender**

52. The Skokie Police Department has a longstanding pattern and practice of discriminating against female officers in the promotional process.

7

53.     Historically the Skokie Police Department promotes individuals to the rank of Commander only after completing a course at Northwestern University's School of Police Staff & Command (SPSC).

54.     A male officer (Oakley) did not attend Northwestern's SPSC program prior to being promoted to the rank of Commander.

55.     Commander Oakley was promoted ahead of and over Plaintiff who was up for promotion to the rank of Commander at the same time.

56.     Plaintiff had attended and graduated from Northwestern's SPSC program at the time Oakley was promoted.

57.     Oakly had not attended Northwestern's SPSC program prior to being promoted to the rank of Commander.

58.     On an earlier occasion when Plaintiff requested to attend the Northwestern SPSC program, the department selected a male employee (Barnes – now Chief) over Plaintiff to attend the SPSC program.

59.     Barnes did not want to attend the program at that time because he wanted to spend more time with his family, but the department encouraged him to attend because it wanted to promote a male.

60.     Defendants Gramins, Chief Barnes and then-Chief Baker sat on a committee that evaluates candidates for promotion to the rank of Commander.

61.     Gramins, Barnes and Baker have all discriminated against, and/or retaliated against Plaintiff and have failed and refused to promote Plaintiff, or recommend her for promotion to the Village Manager, in whole or in part based on one or more of the following reasons:

    a.   based on her gender; and/or

    b.  In retaliation for her complaints about discrimination and harassment;

    c.  in retaliation for her duty related injuries, the medical treatment those injuries require and/or her exercising her rights under the ADA and ADAAA to request accommodations for those injuries/disabilities.

62.    Plaintiff has been continually passed over for promotion to the rank of Commander eight (8) times, between December 2017 and the present, even though all of her performance evaluations have indicated that Plaintiff's performance is "exceptional" – the department's highest rating.

63.    Plaintiff was most recently passed over for promotion to the rank of Commander in May 2024.

**Plaintiff Complained about Unlawful Discrimination to No Avail**

64.    Plaintiff complained on numerous occasions about harassment and discrimination to no avail.

65.    Plaintiff complained on numerous occasions about the department's failure to promote her but she still remains at the rank of sergeant.

66.    The department has failed to document or investigate Plaintiff's complaints.

67.    The department has failed to take prompt or appropriate remedial action against Plaintiff's harassers.

68.    The department and defendants have retaliated against Plaintiff for having complained about unlawful discrimination.

**Plaintiff's EEOC Complaint**

69.     Plaintiff timely filed an EEOC Complaint on March 2, 2023 based on the conduct described above.

70.     The EEOC issued a Right to Sue letter on March 25, 2024 and Plaintiff has timely filed this Complaint.

**COUNT I**
**42 U.S.C. § 1983**
**Equal Protection Based on Gender**
**(Against All Defendants)**

71.      Plaintiff adopts, realleges and incorporates by reference the allegations in the preceding paragraphs 1 through 70 as and for this paragraph.

72.     Plaintiff is female.

73.     Defendant (now-retired) Chief Brian Baker is male.

74.     Defendant Chief Jesse Barnes is male.

75.     Defendant Commander Timothy Gramins is male.

76.     Plaintiff is a member of a protected class (female).

77.     At all relevant times, Defendants acted intentionally and willfully.

78.     At all relevant times, Defendants acted under color of law.

79.     The Defendant Village has a custom, policy and/or practice of discriminating against female officers.

80.     Defendants subjected Plaintiff to increased scrutiny and greater scrutiny than her similarly situated male counterparts and other male employees.

81.     Defendants did not undermine similarly situated male officers' work.

82.     Plaintiff was written up or chastised for taking extended lunch while similarly situated male officers were not.

83.     Plaintiff was written up, chastised and/or verbally counselled for wearing civilian clothes into work while male employees were not.

84.     Defendants did not force similarly situated male officers to use sick time rather than overtime for seeking treatment for work related on the job injuries and therapy.

85.     Defendants did not deny similarly situated male officers' overtime.

86.     Defendants allowed other similarly situated male officers to "work from home" while denying Plaintiff of the same opportunity.

87.     Defendants closely monitored Plaintiff's work activities and did not closely monitor the work of similarly situated male officers.

88.     Defendants denied Plaintiff's overtime while allowing similarly situated male officers overtime opportunities.

89.     Defendants forced Plaintiff to document in detail, into a database accessible by other employees, the reason for each sick day taken, and did not force similarly situated male officers to document a reason for sick time taken.

90.     Defendants intentionally discriminated against Plaintiff in connection with her discipline.

91.     Plaintiff has been discriminated against based on her gender.

92.     As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

93.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT II**
**TITLE VII – Gender Discrimination**
**(Against Village only)**

94.     Plaintiff adopts, realleges and incorporates by reference the allegations in the preceding paragraphs 1 through 92 as and for this paragraph.

95.     Based on the conduct described above, Defendant Village of Skokie violated Title VII.

96.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT III**
**42 U.S.C. § 1983**
**(Harassment Based on Sex – Hostile Work Environment)**
**(Against All Defendants)**

97.     Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 96 of this complaint as and for this paragraph.

98.     This claim is brought under 42 U.S.C. § 1983.

99.     Plaintiff was discriminated against, harassed and subjected to a hostile work environment based on gender in violation of 42 U.S.C. § 1983.

100.    Defendant Village has a custom policy and/or practice of creating a hostile work environment toward female police officers and/or subjecting them to harassment based on their sex/gender.

101.    Defendants acted intentionally and/or willfully.

102.    Defendants acted under color of law.

103.    Based on the conduct described above, Defendants violated Plaintiff right to equal protection under the law based on her gender.

104.   As a direct and proximate result of the foregoing acts of gender discrimination, Plaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and have otherwise suffered materially adverse employment actions, including unwarranted discipline, loss of overtime, and denied promotions.

105.   As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

106.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT IV**
**TITLE VII – Harassment Based on Sex/Gender – Hostile Work Environment**
**(Against Village only)**

107.   Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 106 of this complaint as and for this paragraph.

108.   This claim is brought under Title VII, 42 U.S.C. §2000 *et seq.*.

109.   Based on the conduct described, Defendant Village created a hostile working environment for Plaintiff and other female police officers.

110.   Plaintiff was discriminated against and subjected to a hostile work environment based on gender in violation of Title VII of the Civil Rights Act.

111.   Plaintiff was discriminated against and the terms and conditions of her employment including that she was subjected to less overtime opportunities than similarly situated male employees, and fewer promotions for career advancement.

112.   Plaintiff has also suffered severe and pervasive gender discrimination which has contributed to a hostile environment based on her gender.

13

113.    Explicit indicia of gender discrimination has contributed to plaintiff's having to endure a discriminatory and hostile workplace environment.

114.    Plaintiff complained about this to several superiors (Chief Jessie Barnes, Commander Pawlak, Deputy Chief Weinman) to no avail.

115.    Defendants did not promptly respond or take actions to stop ongoing gender discrimination.

116.    As a direct and proximate result of the foregoing acts of gender discrimination, plaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and have otherwise suffered materially adverse employment actions, including unwarranted discipline, loss of overtime, and denied promotions.

117.    Plaintiff has been otherwise discriminated against based on her gender.

118.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT V**
**VIOLATION OF 1983 – EQUAL PROTECTION - RETALIATION**
**(Against All Defendants)**

119.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1 through 118 as and for this paragraph.

120.    Plaintiff complained that she was being subjected to unequal and discriminatory treatment, negative terms and conditions of employment relative to similarly situated male employees.

121.    After Plaintiff complained about discriminatory conduct, the Defendant took materially adverse employment actions against the Plaintiff, including:

a.    Failing to promote Plaintiff;

b.    Subjecting Plaintiff to increased workplace scrutiny by her superiors;

c.    Denying Plaintiff perks and benefits which have been permitted to similarly situated co-workers who did not complain;

d.    Forcing Plaintiff to add notes for time off spent treating at medical appointments for duty-related injuries;

e.    Forcing Plaintiff to add notes for time spent at training sessions; and

f.    Utilizing Plaintiff's treatment for duty-related injuries as a factor in performance evaluations and promotion opportunities.

122.    Defendants acted under color of law.

123.    Defendants' conduct was intentional.

124.    Defendant Village has a custom policy and/or practice of retaliating against female employees who complain about unlawful discrimination, harassment and or who exercise their rights under the ADA.

125.    As a direct and proximate result of the foregoing, Plaintiff has been passed over for several promotions, and has suffered anxiety, embarrassment, humiliation, emotional distress, lost wages and benefits and other forms of damages.

126.    Plaintiff has suffered damages of an on-going and continuous nature.

127.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

128.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT VI**
**VIOLATION OF TITLE VII – RETALIATION**
**(Against Village Only)**

129.    Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through 128 of this Complaint as and for this paragraph.

130.    Plaintiff engaged in a protected activity by complaining about harassing and discriminatory treatment against her based on her gender by both coworkers and supervisors.

131.    As a direct and proximate result of Plaintiff's complaining activities, the Defendant took materially adverse employment actions against the Plaintiff, including:

      a.  Failing to promote Plaintiff;

      b.  Subjecting Plaintiff to increased workplace scrutiny by her superiors;

      c.  Denying Plaintiff perks and benefits which have been permitted to similarly situated co-workers who did not complain;

      d.  Forcing Plaintiff to add notes for time off spent treating at medical appointments for duty-related injuries;

      e.  Forcing Plaintiff to add notes for time spent at training sessions; and

      f.  Utilizing Plaintiff's treatment for duty-related injuries as a factor in performance evaluations and promotion opportunities.

      g.  By otherwise retaliating against Plaintiff.

132.    The above identified actions have altered the terms and conditions of Plaintiff' employment.

133.    The conduct identified in this Complaint constitutes materially adverse employment actions.

134.     Defendants took materially adverse employment actions against the Plaintiff.

135.     As a result of this conduct, Plaintiff suffered damages.

**COUNT VII**
**ADA-RETALIATION**
**(Against Village only)**

136.     Plaintiff adopts, realleges and incorporates by reference the allegations in paragraphs 1 through 135 as and for this paragraph.

137.     Plaintiff is disabled within the meaning of the Americans With Disabilities Act, 29 U.S.C. § 12101 et seq. (ADA).

138.     Plaintiff engaged in a protected activity by exercising her rights to seek reasonable accommodations from her employer for her conditions.

139.     Although the Defendant Village and its Police Department granted Plaintiff's requested accommodations, it subsequently retaliated against Plaintiff to the exercise of her statutory rights under the ADA.

140.     As a direct and proximate result, Plaintiff has been damaged.

**COUNT VIII**
**§ 1983 - Failure to Promote**
**(Against All Defendants)**

141.     Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 140 of this complaint as and for this paragraph.

142.     This claim is brought under 42 U.S.C. § 1983.

143.     At all relevant times, Defendants acted intentionally and willfully.

144.     At all relevant times, Defendants acted under color of law.

17

145.    Defendant Village has a custom, policy or practice of not promoting females and/or giving preference to promoting males rather than females.

146.    Even when females are promoted they are relegated to more administrative roles.

147.    Plaintiff has been repeatedly passed over for promotions despite receiving "exceptional" performance reviews.

148.    Plaintiff has been subjected to unwarranted complaints just before the promotional process in an effort to lower Plaintiff's promotability score, including but not limited to:

      a.    Use of time

      b.    Submitting over time

      c.    Being out of uniform

149.    Certain supervisors made complaints about Plaintiff just before the promotional process in an effort to lower Plaintiff's promotability score and to negatively affect her ability to be promoted.

150.    Defendant has repeatedly promoted similarly situated males who are less qualified than Plaintiff.

151.    Since 2017, Plaintiff has been repeatedly passed over for promotion to the rank of Commander eight (8) times) despite receiving high assessment scores in the promotional process.

152.    In 2022, Plaintiff received the highest assessment score at 87%.

153.    In 2022, during the same assessment, Plaintiff's co-worker John Oakley received an assessment score at 80%.

154.    The remaining employees received an assessment score in the 70% or lower range for the 2022 assessment.

155.    In 2022, despite receiving the highest assessment score at 87%, Plaintiff was not promoted.

156.    Plaintiff's assessment scores were higher when Commander Tim Gramins was not involved in the assessment and promotion process.

157.    Plaintiff has been denied promotions despite taking on more positions, projects, and responsibilities at work.

158.    As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

159.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

160.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT IX**
**TITLE VII – Failure to Promote**
**(Against Village only)**

161.    Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 160 of this complaint as and for this paragraph.

162.    This claim is brought under Title VII, 42 U.S.C. §2000 *et seq.*

163.    Plaintiff is a member of a protected class under Title VII based on her sex, female.

164.    Plaintiff has been repeatedly passed over for promotions despite receiving "excellent" performance reviews.

165.    Defendant Village violated Title VII by failing to promote Plaintiff based on her sex-female.

166.    As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

167.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT X**
**(Fair Labor Standards Act – FAILURE TO PAY OVERTIME)**
**(Against Defendants Barnes, Baker and Village)**

168.    Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 167 of this complaint as and for this paragraph.

169.    Defendants' failed to pay Plaintiff compensation for all hours worked and overtime compensation at one and one-half times Plaintiff's hourly rate for hours worked in excess of 40 hours in a work week in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et.seq.*

170.    Plaintiff is not an "exempt employee within the meaning of the FLSA.

171.    In addition to the FLSA, the department has a policy of paying overtime compensation to officers, including sergeants, for hours worked in excess of 40 hours in a work week.

172.    The department has failed and refused to pay Plaintiff for at least 70 hours of overtime that she worked.

173.    In addition, the department requires Plaintiff to take phone calls from subordinates on nights and weekends when she is not on duty but refuses to pay her for that time.

174. Defendants failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act.

175. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

176. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

## COUNT XI
## ILLINOIS MINIMUM WAGE ACT
### (Against Defendants Barnes, Baker and Village)

177. Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 176 of this complaint as and for this paragraph.

178. Plaintiff is not an "exempt" employee within the meaning of the FLSA or the IMWL.

179. Defendants also violated the provisions of the Illinois Minimum Wage Law.

180. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

## COUNT XII
## (IWPCA – FAILURE TO PAY WAGES)
### (Against Defendants Barnes, Baker and Village)

181. Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 180 of this complaint as and for this paragraph.

182. By failing to pay Plaintiff for all hours she worked, and for overtime she worked, Defendants' violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1.

183.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff the following:

A.  Back Pay, including all lost past and future wages and benefits;

B.  Order that Plaintiff be promoted to the rank of Commander along with all back pay and benefits from the time she should have been promoted through trial;

C.  Front pay (if appropriate);

D.  Compensatory damages;

E.  Punitive damages against the individual defendants only;

F.  Damages based on Defendants' willful violations of the FLSA and IMWL;

G.  Prejudgment interest;

H.  Her reasonable costs and attorneys' fees under all applicable statutes, including but not limited to 42 U.S.C. §1988;

I.  Permanently enjoin defendants, and all those persons acting in concert or participation with them, from discriminating against and harassing Plaintiff and other female officers and award other appropriate injunctive relief;

J.  Award Plaintiff all other relief as this Court deems appropriate, equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
HUNT LAW, P.C.

/s/ *Keith L. Hunt*
An Attorney for Plaintiff

Keith L. Hunt
Delaney A. Hunt
Hunt Law, P.C.
2275 Half Day Road
Suite 126
Bannockburn, IL 60015
(312) 558-1300 (p)
(312) 558-9911 (f)
khunt@huntpclaw.com
dhunt@huntpclaw.com