**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA RUSSELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.    24-CV-5197** |
| | ) | |
| **VILLAGE OF SKOKIE; CHIEF BRIAN** | ) | **Jury Trial Demanded** |
| **BAKER, in his individual capacity;** | ) | |
| **CHIEF JESSE BARNES, in his** | ) | |
| **individual capacity; COMMANDER** | ) | |
| **TIMOTHY GRAMINS, in his individual** | ) | |
| **capacity.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AMENDED COMPLAINT**

The Plaintiff, Melissa Russell, by her attorneys Keith L. Hunt and Delaney A. Hunt of Hunt Law ~~PC~~, P.C, complains against the Defendants as follows:

**Nature of the Claim**

1.      The Plaintiff brings this case under 42 U.S.C. § 1983 (Equal Protection), Title VII and the Illinois Human Rights Act against Defendants for unlawfully discriminating against Plaintiff based on her gender, for creating and maintaining a work environment hostile toward women, and for failing to promote Plaintiff; for retaliating against Plaintiff after she complained about unlawful gender discrimination and harassment and for exercising her rights under the Americans With Disabilities Act.  In addition, Plaintiff brings claims based on the failure to pay overtime in violation of the Fair Labor Standards Act. Plaintiff also brings state law claims for violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, and for other violations of her rights.

**EXHIBIT 1**

**The Parties**

2.      The Plaintiff, Melissa Russell, is a resident of Lake County, Illinois.

3.      The Defendant, Village of Skokie, is an Illinois Municipal Corporation located in Cook County, Illinois which operates the Skokie Police Department.

4.      The Defendant, Chief Brian Baker, is a resident of Lake County, Illinois. Baker is now retired and is sued in his individual capacity.

5.      The Defendant, Chief Jesse Barnes, is a resident of Lake County, Illinois and is sued in his individual capacity.

6.      The Defendant, Commander Timothy Gramins, is a resident of Lake County, Illinois and is sued in his individual capacity.

**Jurisdiction & Venue**

7.      This Court has jurisdiction over the parties and the subject matter.

8.      This Court has federal subject matter jurisdiction over the Plaintiff's federal law claims (Title VII, ADA Retaliation and FLSA) and constitutional claims (§1983) pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims (IMWL & IWPCA) under 28 U.S.C. §1367.

10.     Venue is proper in this court under 28 U.S.C § 1391(b)(2) as the unlawful employment practices stated in this Complaint were committed in the Northern District of Illinois.

**Formatted:** Font: Arial, 12 pt

2

**EXHIBIT 1**

**FACTS**

11.     At all relevant times, the Plaintiff was a police officer working for the Defendant Village of Skokie in its Police Department.

12.     Plaintiff currently holds the rank of Sergeant.

13.     Plaintiff is female.

14.     Plaintiff has been harassed because of her sex (female) and has been subjected to conduct, unwarranted complaints and treatment to which her similarly situated male counterparts are not subjected.

15.     ~~Plaintiffs~~Plaintiff's similarly situated male counterparts have received more favorable treatment and consideration than Plaintiff.

16.     Plaintiff has been harassed and subjected to unwarranted complaints from supervisors and a co-worker, including but not limited to ~~complaints regarding~~:

> ~~a.   Her use of time and paid time off (PTO);~~
>
> ~~b.   Working from home and working overtime;~~
>
> a.   ~~Being~~In 2021, Defendants Baker and Barnes prevented Plaintiff from using of Emergency Leave time or sick time for a medical procedure related to a duty related injury and instead required Plaintiff to use vacation time;
>
> b.   Defendants required Plaintiff to use sick time for all other procedures and medical appointments irrespective of whether they related to duty related injuries;
>
> c.   Defendants Baker, Gramins and Barnes harassed Plaintiff regarding Plaintiff working remotely and/or overtime and limited Plaintiff's ability to

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

work overtime while other similarly situated male co-workers were allowed to do so;

d. Defendant Gramins brought up Plaintiff's working remotely, working out for extended periods, taking a COVID day and/or working overtime during the promotion process to disparage and cast a bad light on Plaintiff's performance during promotional evaluation meetings when the promotability committee was deciding which candidate(s) to recommend for promotion – resulting in Plaintiff not being recommended for promotion;

c.e. In 2021, Officer Odeshoo complained about Plaintiff being out of uniform immediately prior to attending physical therapy and other medical appointments during work hours due to injuries sustained in the line of duty which was unwarranted;

1. The Department investigated the allegation and determined it to be unfounded;

2. Even though the Department found Plaintiff's conduct was acceptable, Defendant Gramins continued raising the unfounded complaints during the 2022, 2023 and 2024 promotional process to adversely impact Plaintiff's ability to be promoted – which resulted in Plaintiff not being promoted.

d.f. By otherwise subjecting Plaintiff to unwarranted complaints and other forms of harassment.

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

17.     Certain supervisors, including Gramins, made complaints about Plaintiff just before the promotional process in an effort to lower Plaintiff's promotability score and/or to negatively impact her ability to be promoted.

18.     In January 2022, Gramins complained about Plaintiff's handling of firearms compliance issues in an effort to thwart her promotion.

19.     Gramins raised complaints about Plaintiff's overtime, not as a good faith challenge to timekeeping practices but rather for the sole purpose of thwarting her promotion.

20.     Gramins raised complaints about Plaintiff shortly before the promotional process and decision to undermine and thwart Plaintiff's chances of being promoted during every promotional process since becoming involved in that process in 2019 through and including the most recent promotional process in 2024.

**False Complaints & Discriminatory Approval of Time Off and Overtime**

18.21. Plaintiff was subjected to several false complaints claiming she misused time in violation of the department's policy.

19.22. Beginning in February 2021, and continuing to the present, Defendants required Plaintiff to use personal time for all medical treatments and physical therapy appointments stemming from her injuries sustained in the line of duty.

23.     Male officers, such as Officers Valsamis, Marino and Mendoza, are permitted to attend medical appointments outside of normal shift hours and are compensated for such time, including receiving overtime compensation for appointments outside of their normal shift schedule, while Plaintiff was not permitted to do so.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

24. Beginning in 2021, Defendant Baker required Plaintiff to use personal time for all medical treatments and physical therapy appointments stemming from her injuries sustained in the line of duty.

25. Defendants interfered with and stopped Plaintiff's workers compensation benefits and forced Plaintiff to use her own paid time off (PTO).

26. Defendants interfered with and stopped Plaintiff's workers compensation benefits, forcing Plaintiff to pay for her medical care using her own insurance and to pay out of pocket for the care.

20.27. Beginning in February 2021, and continuing to the present, Defendants required Plaintiff use her personal insurance, rather than workers' compensation, and her own personal funds to pay for all medical treatments and physical therapy appointments stemming from her injuries sustained in the line of duty.

28. Defendants Baker and Barnes forced Plaintiff to use vacation days instead of sick days for medical treatments stemming from a work-related injury.

29. Defendants Baker and Barnes did not force males to use vacation days instead of sick days for medical treatments, including officers Marino, O'Dea, Ruiz, and Garcia.

30. Male officers, such as officers Marino, O'Dea, Ruiz, and Garcia are permitted to change a day or days off from "vacation time" to "sick time" but when Plaintiff attempted to do so, Defendants required Plaintiff to take the time off and burn a vacation day.

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

31.   Baker and Barnes did not closely monitor how males, such as officers Marino, O'Dea, Ruiz, and Garcia, enter "time off" and whether the days are used as vacation days, sick days, or otherwise, but they did closely monitor Plaintiff's.

32.   In August 2022, (then Deputy Chief) Barnes falsely accused Plaintiff of abusing overtime.

33.   Defendants also denied Plaintiff the ability to use Emergency Leave time for medical appoints and cervical injections, although males, including Gramins, were allowed to use emergency leave to attend appointments.

~~21.~~34. Beginning in April 2021 and continuing to the present time, Commander Gramins undermined ~~a project~~ various projects Plaintiff was working on and questioned her decision-making abilities including but not limited to a taser project and red dot sight optics among others, all in an effort to undermine Plaintiff's performance and to thwart her attempt to be promoted.

~~22.~~35. Plaintiff reported Commander Gramins' conduct to Commander Pawlak.

~~23.~~36. Notwithstanding Plaintiff's complaints, Commander Gramins continued to undermine Plaintiff's work— and to keep her "out of the loop" on departmental projects such as a firearms buy-back program, telling Plaintiff that she didn't "need to know."

~~24.~~37. Commander Gramins has subjected Plaintiff to greater scrutiny than male employees, including constantly observing Plaintiff working in her office even though Gramins was never Plaintiff's supervisor.

38.   Commander Gramins subjected male employees to lesser scrutiny than Plaintiff, including males such as Ofc. Odeshoo, Ofc. Nikolopoulos (recently promoted to

**Formatted:** Indent: Left: 0.06", First line: 0.44"

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

Sgt.), Ofc. Iwanski, Ofc. Olkowski, Sgt. Garcia, Sgt. Cianchetti, Sgt. McCune, Sgt. Zahn, Cmdr. Gibson and Cmdr. Marino.

25. 39. Gramins has been frequently seen loitering outside Plaintiff's office even though Gramins is was not Plaintiff's direct supervisor, and his office is on the other side of the building.

26. 40. In August 2022, Plaintiff was Defendants subjected Plaintiff to unwarranted complaints and was written up as a result of her criticism and questioning for working out on her lunch break.

41. Even though the lunch workout allegation was false, Gramins brought it up in an effort to undermine and thwart Plaintiff's promotability during the 2022 and 2024 promotional processes.

27. 42. Plaintiff typically works out in the early morning hours before beginning her shift.

28. 43. Male employees officers are permitted to work out on their lunch breaks and are not disciplined for doing so, including DC Weinman, Cmdr. O'Brien, Sgt. Liebau, and Officers Marziglian, Mendez, Blanco, Kane, Mendoza, Panizo, Veenhuis, Dickinson and Gio De la Vega.

29. 44. In August 2022, Plaintiff was disciplined subjected to unwarranted complaints and discipline for wearing street clothes at work because she was going to physical therapy for her on-duty injury.

30. Male employees officers are not disciplined for wearing street clothes at work.

8

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

31. Baker, including Wojdyla, Oakley, Moersfelder, Gibson, Marino and Barnes forced Plaintiff to use vacation days instead of sick days for medical treatments stemming from a work-related injury.

32. Baker and Barnes did not force males to use vacation days instead of sick days for medical treatments.

33. Baker and Barnes did not closely monitor how males enter "time off" and whether the days are used as vacation days, sick days, or otherwise.

34.45. In August 2022, (then Deputy Chief) Barnes accused Plaintiff of abusing overtimeothers.

35.46. In August 2022, Barnes instructed Plaintiff that she needs to communicate with her subordinates when leaving the building, despite that Plaintiff had already done so.

36.47. Barnes created the illusion that Plaintiff is not properly doing her work and communicating with her subordinates and other co-workers.

37.48. In August 2022, Barnes instructed Plaintiff that she needed to change the way Plaintiff accounted for her time in the online PACE system for injury-on-duty medical appointments.

38.49. On information and belief, Barnes did not instruct male employees, such as Marino and Ruiz, to change the way their time is entered into the PACE system.

**Overtime Issues**

39.50. Plaintiff is a member of a specialty unit, Programs and Planning ("P&P").

9

**EXHIBIT 1**

40.51. In September 2022, Barnes instructed Plaintiff that as a member of P&P, she is obligated to take calls, texts and emails outside of work hours and is not allowed to log or seek compensation for that time.

52.    The Department was aware that Plaintiff took work home to complete and would send and/or receive emails outside of Plaintiff's normal work hours yet Defendants refused to compensate her or pay overtime for the time spent performing such tasks. (Example: 2023 Backlot Bash Plan).

53.    Plaintiff would typically be required to take calls from other officers in her unit while off-duty.

54.    Plaintiff would typically receive calls and/or texts from Officer Odeshoo to which she would have to respond at least once or twice a night, while off duty.

55.    In addition, Plaintiff would typically be required to take calls and/or respond to texts while off duty from or regarding:

        a.   Traffic grants and the hours to be worked and requests for rescheduling;

        b.   Evidence techs (Gonzalez, Imeri, Mendoza & Hozner) with questions or updates;

        c.   Range officer issues regarding tasers, rifles, orders, ammo;

        d.   From Jaworski regarding various Program & Planning issues;

        e.   Officers calling in sick to work such as CSO Anderson (more than 80 absences in last 18 months);

        f.   From various officers regarding lost and found items at special events, including Deputy Chief Libit regarding lost hearing aids;

        g.   Fleet vehicles;

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

h.  Axon body cameras and Fleet 3 squad camera systems;

i.  IT Issues within the Program and Planning area such as calls from officers experiencing difficulties signing into evidence.com and to reset passwords;

j.  Calls from vendors such as Axon and All Tech (red light cameras);

k.  Fitness room.

41. 56. In doing so, Barnes effectively required Plaintiff to work overtime, but Plaintiff is not allowed to be compensated for that time.

**Other Disparate Treatment**

57.  Defendants required Plaintiff to notify all of her subordinates when she leaves the station for any reason although similarly situated males were not required to do so.

58.  When leaving the station for any reason, Defendants required Plaintiff write down on a white board the time of departure and return while males supervisors were not required to do so.

42. 59. In October 2023, Barnes questioned Plaintiff's time for attending a three (3) day training session in Bloomington and a one (1) day presentation in Chicago.

43. 60. As a result, Barnes required Plaintiff to manually enter notes for the training days in the time keeping system (PACE) even though males are not required to do so.

44.  Around the same time, in September 2023, Sergent John Oakley attended a two (2) week training.

45.  Sergent John Oakley was never questioned about his time for attending the two (2) week training.

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

46.    Sergent John Oakley was never instructed or forced to manually enter notes regarding the training days.

47.61. Plaintiff's male counterparts are not forced to manually enter notes for training days.

### Plaintiff's Disabilities

48.62. Plaintiff has suffered several injuries that occurred in the line of duty, including a severe injury to her neck and shoulder for which she still is receiving treatment.

49.63. Plaintiff also suffered an eye injury during a firing range training exercise for which she is currently receiving treatment.

50.64. These injuries and conditions constitute "disabilities" within the meaning of the Americans With Disabilities Act and the ADAAA.

51.65. Although the department has accommodated some of these disabilities, the department and Plaintiff's superiors, including Barnes and Gramins, have held the disabilities and the corresponding time she is required to receive medical treatment against her, in one or more of the following ways:

a. By harassing her about the time she is taking off for medical treatments;

b. By holding against Plaintiff the amount of time she is required to undergo medical treatments and physical therapy in annual performance evaluations and in the promotional process;

c.  By questioning her time and use of PTO;

d. By requiring Plaintiff to use her personal sick time and vacation time to attend medical appointments even though the injuries were duty related and continuing to do so;

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

e.  By requiring Plaintiff to pay for her medical treatments and physical therapy using her personal health insurance rather than workers' compensation and continuing to do so;

f.  By failing to promote Plaintiff; and

g.  By otherwise harassing and retaliating against Plaintiff.

**The Department Failed to Promote Plaintiff Based on Her Gender**

52.66.  The Skokie Police Department has a longstanding pattern and practice of discriminating against female officers in the promotional process.

67.  The only female promoted to a command staff position (Commander or above) is Denise Franklin.

68.  Plaintiff has gone through five (5) Commander promotional processes.

69.  During the five (5) Commander promotional processes in which Plaintiff sought a promotion to the rank of Commander, Plaintiff was interviewed for the position six (6) times.

70.  During the times Plaintiff went through the Commander promotional process, seven (7) of the eight (8) Commander spots were filled by males.

71.  Plaintiff has been continually passed over for promotion to the rank of Commander eight (8) times, between December 2017 and the present, even though all of her performance evaluations have indicated that Plaintiff's performance is "exceptional" – the department's highest rating.

72.  Plaintiff was most recently passed over for promotion to the rank of Commander in May 2024.

13

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

53.73. Historically the Skokie Police Department promotes individuals to the rank of Commander only after completing a course at Northwestern University's School of Police Staff & Command (SPSC).

74.   - Plaintiff had attended and graduated from Northwestern's SPSC program at the time Oakley was promoted.

54.75. A male officer (Oakley) did not attend Northwestern's SPSC program prior to being promoted to the rank of Commander.

76.    Another male, Marino also did not attend SPSC prior to being promoted to the rank of Commander.

55.77. Commander Oakley was promoted ahead of and over Plaintiff who was up for promotion to the rank of Commander at the same time.

56.    Plaintiff had attended and graduated from Northwestern's SPSC program at the time Oakley was promoted.

57.    Oakly had not attended Northwestern's SPSC program prior to being promoted to the rank of Commander.

58.78. On an earlier occasion when Plaintiff requested to attend the Northwestern SPSC program, the department selected a male employee (Barnes – now Chief) over Plaintiff to attend the SPSC program.

59.79. Barnes did not want to attend the program at that time because he wanted to spend more time with his family, but the department and Village encouraged himBarnes to attend because it wanted to promote a male.

60.80. Defendants Gramins, Chief Barnes and then-Chief Baker sit/sat on a committee that evaluates candidates for promotion to the rank of Commander.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

81. The promotability committee is comprised of the deputy chiefs and commanders.

82. At all relevant times, the promotability committee has always included Defendant Gramins.

83. The promotability committee (Gramins, Pawlak, Moersfelder & O'Brien) rates each applicant in between 20 categories (in 2024) and 37 categories (in 2022).

84. Based on the scoring, candidates are ranked by the promotability committee.

85. The promotability scoring and ranking is then given to the Chief who determines along with other components of the process, who to recommend to the Village for promotion.

86. Although the Village Manager makes the ultimate decision, the Village Manager routinely accepts the Chief's decision and recommendation.

61. 87. Gramins, Barnes and Baker have all discriminated against, and/or retaliated against Plaintiff and have failed and refused to promote Plaintiff, or recommend her for promotion to the Village Manager, in whole or in part based on one or more of the following reasons:

    a.  based on her gender; and/or

    b.  In in retaliation for her complaints about discrimination and harassment;

    c.  in retaliation for her duty related injuries, the medical treatment those injuries require and/or her exercising her rights under the ADA and ADAAA to request accommodations for those injuries/disabilities.

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

62.1.   Plaintiff has been continually passed over for promotion to the rank of Commander eight (8) times, between December 2017 and the present, even though all of her performance evaluations have indicated that Plaintiff's performance is "exceptional" – the department's highest rating.

63.1.   Plaintiff was most recently passed over for promotion to the rank of Commander in May 2024.

**Plaintiff Complained about Unlawful Discrimination to No Avail**

64.88. Plaintiff complained on numerous occasions about harassment and discrimination to no avail.

65.89. Plaintiff complained on numerous occasions about the department's failure to promote her but she still remains at the rank of sergeant.

66.90. The department has failed to document or investigate Plaintiff's complaints.

67.91. The department has failed to take prompt or appropriate remedial action against Plaintiff's harassers.

68.92. The department and defendants have retaliated against Plaintiff for having complained about unlawful discrimination.

**Defendants Knowledge Of Plaintiff's EEOC Complaint**

69.93. Plaintiff timely filed an EEOC Complaint on March 2, 2023 based on the conduct described above.

94.     Defendants were aware of Plaintiff's EEOC charge shortly after it was filed.

> **Formatted:** Font: Arial, 12 pt

16

**EXHIBIT 1**

95.     Defendants were aware of Plaintiff's EEOC Charge before the most recent promotional process.

96.     Defendants held a meeting to discuss Plaintiff's EEOC Charge and the following individuals were in attendance: Pawlak, Barnes, the HR director, Yvette Heintzelman and Baker.

97.     Gramins was notified of the EEOC Charge prior to the most recent promotional process.

98.     Subsequent to the EEOC Charge and the meeting described above, Defendants began leaving Commander Pawlak out of the subsequent meetings because they knew or feared Pawlak was providing information to the Plaintiff.

99.     The EEOC held a mediation where various representatives of the Village were present.

~~70.~~100.     The EEOC issued a Right to Sue letter on March 25, 2024 and Plaintiff has timely filed ~~this~~her Complaint.

**COUNT I**
**42 U.S.C. § 1983**
**Equal Protection Based on Gender**
**(Against All Defendants)**

~~71.~~101.     Plaintiff adopts, realleges and incorporates by reference the allegations in the preceding paragraphs 1 through ~~70~~100 as and for this paragraph.

~~72.~~102.     Plaintiff is a member of a protected class (female.~~-~~).

~~73.~~103.     Defendant (now-retired) Chief Brian Baker is male.

~~74.~~104.     Defendant Chief Jesse Barnes is male.

~~75.~~105.     Defendant Commander Timothy Gramins is male.

~~76.~~106.     Plaintiff is a member of a protected class (female).

17

> **Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

77. 107.    At all relevant times, Defendants acted intentionally and willfully.

78. 108.    At all relevant times, Defendants acted under color of law.

109.    On information and belief, the Village has been the subject of prior gender discrimination complaints.

79. 110.    The Defendant Village has a custom, policy and/or practice of discriminating against female officers.

111.    Defendants have treated Plaintiff and other females differently (less favorably) than similarly situated male employees.

80. 112.    Defendants subjected Plaintiff to increased scrutiny and greater scrutiny than her similarly situated male counterparts and other male employees.

81. 113.    Defendants did not undermine similarly situated male officers' work.

82. 114.    Plaintiff was written up accused and/or chastised for taking extended lunch while similarly situated male officers were not.

83. 115.    Plaintiff was written up, chastised and/or verbally counselled for wearing civilian clothes into work while male employees were not.

84. 116.    Defendants did not force similarly situated male officers to use sick time rather than overtime for seeking treatment for work related on the job injuries and therapy.

85.    Defendants did not deny similarly situated male officers' overtime.

86. 117.    Defendants allowed other similarly situated male officers to "work from home" while denying Plaintiff of the same opportunity.

87. 118.    Defendants closely monitored Plaintiff's work activities and did not closely monitor the work of similarly situated male officers.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

88.119.    Defendants denied Plaintiff's overtime while allowing similarly situated male officers overtime opportunities.

89.120.    Defendants forced Plaintiff to document in detail, into a database accessible by other employees, the reason for each sick day taken, and did not force similarly situated male officers to document a reason for sick time taken.

90.121.    Defendants intentionally discriminated against Plaintiff in connection with her discipline.

91.122.    Plaintiff has been discriminated against based on her gender.

92.123.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

124.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

93.

**Formatted:** Indent: Left: 0.5", No bullets or

**COUNT II**
**TITLE VII – Gender Discrimination**
**(Against Village only)**

94.125.    Plaintiff adopts, realleges and incorporates by reference the allegations in the preceding paragraphs 1 through 92124 as and for this paragraph.

95.126.    Based on the conduct described above, Defendant Village of Skokie violated Title VII.

127.    Defendant Village's conduct was intentional.

96.128.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT III**

**Formatted:** Font: Arial, 12 pt

19

EXHIBIT 1

**42 U.S.C. § 1983**
**(Harassment Based on Sex – Hostile Work Environment)**
**(Against All Defendants)**

97.129.    Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 96128 of this complaint as and for this paragraph.

98.130.    This claim is brought under 42 U.S.C. § 1983.

99.131.    Plaintiff was discriminated against, harassed and subjected to a hostile work environment based on gender in violation of 42 U.S.C. § 1983.

100.132.    Defendant Village has a custom policy and/or practice of creating a hostile work environment toward female police officers and/or subjecting them to harassment based on their sex/gender.

101.133.    Defendants acted intentionally and/or willfully.

102.134.    Defendants acted under color of law.

103.135.    Based on the conduct described above, Defendants violated PlaintiffPlaintiff's right to equal protection under the law based on her gender.

104.136.    As a direct and proximate result of the foregoing acts of gender discrimination, Plaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and havehas otherwise suffered materially adverse employment actions, including unwarranted discipline, loss of overtime, and denied promotions.

105.137.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

106.138.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

**COUNT IV**
**TITLE VII – Harassment Based on Sex/Gender – Hostile Work Environment**
**(Against Village only)**

~~107.~~139.    Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through ~~106~~138 of this complaint as and for this paragraph.

~~108.~~140.    This claim is brought under Title VII, 42 U.S.C. §2000 *et seq.*.

~~109.~~141.    Based on the conduct described, Defendant Village created a hostile working environment for Plaintiff and other female police officers.

~~110.~~142.    Plaintiff was discriminated against and subjected to a hostile work environment based on gender in violation of Title VII of the Civil Rights Act.

~~111.~~143.    Plaintiff was discriminated against ~~and~~in the terms and conditions of her employment including that she was subjected to less overtime opportunities than similarly situated male employees, and fewer promotions for career advancement.

~~112.~~144.    Plaintiff has also suffered severe and pervasive gender discrimination which has contributed to a hostile environment based on her gender.

~~113.~~145.    Explicit indicia of gender discrimination has contributed to ~~plaintiff's~~Plaintiff having to endure a discriminatory and hostile workplace environment.

~~114.~~146.    Plaintiff complained about this to several superiors (Chief ~~Jessie~~ Barnes, Chief Baker, Commander Pawlak, Deputy Chief Weinman) to no avail.

147.    In response to Plaintiff's complaints, Defendants Baker and Barnes would typically respond, "Tim is Tim."

~~115.~~148.    Defendants did not promptly respond or take prompt actions to stop ongoing gender discrimination.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

116.149.    As a direct and proximate result of the foregoing acts of gender discrimination, plaintiffPlaintiff has been damaged in that she has lost or been deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and havehas otherwise suffered materially adverse employment actions, including unwarranted discipline, loss of overtime, and denied promotions.

117.150.    Plaintiff has been otherwise discriminated against based on her gender.

118.151.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT V**
**VIOLATION OF 1983 – EQUAL PROTECTION - RETALIATION**
**(Against All Defendants)**

119.152.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1 through 118151 as and for this paragraph.

120.153.    Plaintiff complained that she was being subjected to unequal and discriminatory treatment, negative terms and conditions of employment relative to similarly situated male employees.

121.154.    After Plaintiff complained about discriminatory conduct, the Defendant took materially adverse employment actions against the Plaintiff, including:

    a.  Failing to promote Plaintiff;

    b.  Subjecting Plaintiff to increased workplace scrutiny by her superiors;

    c.  Denying Plaintiff perks and benefits which have been permitted to similarly situated co-workers who did not complain;

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

    d.    Forcing Plaintiff to add notes for time off spent treating at medical appointments for duty-related injuries;

    e.    Forcing Plaintiff to add notes for time spent at training sessions; and

    f.    Utilizing Plaintiff's treatment for duty-related injuries as a factor in performance evaluations and promotion opportunities.

~~122.~~155.    Defendants acted under color of law.

~~123.~~156.    Defendants' conduct was intentional.

~~124.~~157.    Defendant Village has a custom policy and/or practice of retaliating against female employees who complain about unlawful discrimination, harassment and or who exercise their rights under the ADA.

~~125.~~158.    As a direct and proximate result of the foregoing, Plaintiff has been passed over for several promotions, and has suffered anxiety, embarrassment, humiliation, emotional distress, lost wages and benefits and other forms of damages.

~~126.~~159.    Plaintiff has suffered damages of an on-going and continuous nature.

~~127.~~160.    As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

~~128.~~161.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT VI**
**VIOLATION OF TITLE VII – RETALIATION**
**(Against Village Only)**

~~129.~~162.    Plaintiff adopts, re-alleges and incorporates by reference paragraphs 1 through ~~128~~161 of this Complaint as and for this paragraph.

23

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

130.163.    Plaintiff engaged in a protected activity by complaining about harassing and discriminatory treatment against her based on her gender by both coworkers and supervisors.

131.164.    As a direct and proximate result of Plaintiff's complaining activities, the Defendant took materially adverse employment actions against the Plaintiff, including:

    a. Failing to promote Plaintiff;

    b. Subjecting Plaintiff to increased workplace scrutiny by her superiors;

    c. Denying Plaintiff perks and benefits which have been permitted to similarly situated co-workers who did not complain;

    d. Forcing Plaintiff to add notes for time off spent treating at medical appointments for duty-related injuries;

    e. Forcing Plaintiff to add notes for time spent at training sessions; and

    f. Utilizing Plaintiff's treatment for duty-related injuries as a factor in performance evaluations and promotion opportunities.

    g. By otherwise retaliating against Plaintiff.

132.165.    The above identified actions have altered the terms and conditions of Plaintiff Plaintiff's employment.

133.166.    The conduct identified in this Complaint constitutes materially adverse employment actions.

134.167.    Defendants took materially adverse employment actions against the Plaintiff.

135.168.    As a result of this conduct, Plaintiff suffered damages.

**COUNT VII**
**ADA-RETALIATION**

24

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

**(Against Village only)**

~~136.~~169.    Plaintiff adopts, realleges and incorporates by reference the allegations in paragraphs 1 through ~~135~~168 as and for this paragraph.

~~137.~~170.    Plaintiff is disabled within the meaning of the Americans With Disabilities Act, 29 U.S.C. § 12101 et seq. (ADA).

~~138.~~171.    Plaintiff engaged in a protected activity by exercising her rights to seek reasonable accommodations from her employer for her conditions.

~~139.~~172.    Although the Defendant Village and its Police Department granted Plaintiff's requested accommodations, it subsequently retaliated against Plaintiff to the exercise of her statutory rights under the ADA.

~~140.~~173.    As a direct and proximate result, Plaintiff has been damaged.

**COUNT VIII**
**§ 1983 - Failure to Promote**
**(Against All Defendants)**

~~141.~~174.    Plaintiff adopts, incorporates and re-alleges paragraphs 1 through ~~140~~173 of this complaint as and for this paragraph.

~~142.~~175.    This claim is brought under 42 U.S.C. § 1983.

~~143.~~176.    At all relevant times, Defendants acted intentionally and willfully.

~~144.~~177.    At all relevant times, Defendants acted under color of law.

~~145.~~178.    Defendant Village has a custom, policy or practice of not promoting females and/or giving preference to promoting males rather than females.

~~146.~~179.    Even when females are promoted they are relegated to more administrative roles.

25

> **Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

147.180.    Plaintiff has been repeatedly passed over for promotions despite receiving "exceptional" performance reviews.

148.181.    Plaintiff has been subjected to unwarranted complaints just before the promotional process in an effort to lower Plaintiff's promotability score, including but not limited to:

      a.    Use of time;

      b.    Submitting over time;

      c.    Being out of uniform.

149.182.    Certain supervisors made complaints about Plaintiff just before the promotional process in an effort to lower Plaintiff's promotability score and to negatively affect her ability to be promoted.

150.183.    Defendant has repeatedly promoted similarly situated males who are less qualified than Plaintiff.

151.184.    Since 2017, Plaintiff has been repeatedly passed over for promotion to the rank of Commander eight (8) times despite receiving high assessment scores in the promotional process.

152.185.    In 2022, Plaintiff received the highest assessment score at 87%.

153.186.    In 2022, during the same assessment, Plaintiff's co-worker John Oakley received an assessment score at 80%.

154.187.    The remaining employees received an assessment score in the 70% or lower range for the 2022 assessment.

155.188.    In 2022, despite receiving the highest assessment score at 87%, Plaintiff was not promoted.

Formatted: Font: Arial, 12 pt

**EXHIBIT 1**

156.189.   Plaintiff's assessmentpromotability scores were higher when Commander Tim Gramins was not involved in the assessmentpromotability and promotion process.

190.   Gramins has intentionally undermined and thwarted Plaintiff's ability to be promoted.

191.   Prior to Gramins involvement in the promotability committee process, Plaintiff received higher promotability scores than male applicants.

157.192.   Plaintiff has been denied promotions despite taking on more positions, projects, and responsibilities at work.

158.193.   As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

159.194.   As a direct and proximate result of Defendants' willful conduct, Plaintiff suffered constitutional injuries.

160.195.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT IX**
**TITLE VII – Failure to Promote**
**(Against Village only)**

161.196.   Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 160195 of this complaint as and for this paragraph.

162.197.   This claim is brought under Title VII, 42 U.S.C. §2000 *et seq.*.

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

163.198.    Plaintiff is a member of a protected class under Title VII based on her sex, female.

164.199.    Plaintiff has been repeatedly passed over for promotions despite receiving "excellent" performance reviews.

165.200.    Defendant Village violated Title VII by failing to promote Plaintiff based on her sex — female.

166.201.    As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

167.202.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT X**
**(Fair Labor Standards Act – FAILURE TO PAY OVERTIME)**
**(Against Defendants Barnes, Baker and Village)**

168.203.    Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 167202 of this complaint as and for this paragraph.

169.204.    Defendants' Defendants failed to pay Plaintiff compensation for all hours worked and overtime compensation at one and one-half times Plaintiff's hourly rate for hours worked in excess of 40 hours in a work week in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et.seq.*

170.205.    Plaintiff is not an "exempt" employee within the meaning of the FLSA.

171.206.    In addition to the FLSA, the department has a policy of paying overtime compensation to officers, including sergeants, for hours worked in excess of 40 hours in a work week.

**Formatted:** Font: Arial, 12 pt

28

**EXHIBIT 1**

172.207.     The department has failed and refused to pay Plaintiff for at least 70 hours of overtime that she worked.

173.208.     In addition, the department requires Plaintiff to take phone calls from subordinates on nights and weekends when she is not on duty but refuses to pay her for that time.

174.209.     Defendants failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act.

175.210.     As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

176.211.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

**COUNT XI**
**ILLINOIS MINIMUM WAGE ACT**
**(Against Defendants Barnes, Baker and Village)**

177.212.     Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 176211 of this complaint as and for this paragraph.

178.213.     Plaintiff is not an "exempt" employee within the meaning of the FLSA or the IMWL.

179.214.     Defendants also violated the provisions of the Illinois Minimum Wage Law.

180.215.     As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiff suffered and continues to suffer damages.

**COUNT XII**
**(IWPCA – FAILURE TO PAY WAGES)**
**(Against Defendants Barnes, Baker and Village)**

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**

181. 216.     Plaintiff adopts, incorporates and re-alleges paragraphs 1 through 180215 of this complaint as and for this paragraph.

182. 217.     By failing to pay Plaintiff for all hours she worked, and for overtime she worked, Defendants'Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1.

183. 218.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff the following:

A. Back Pay, including all lost past and future wages and benefits;

B. Order that Plaintiff be promoted to the rank of Commander along with all back pay and benefits from the time she should have been promoted through trial;

C. Front pay (if appropriate);

D. Compensatory damages;

E. Punitive damages against the individual defendants only;

F. DamagesStatutory damages based on Defendants' willful violations of the FLSA and IMWL;

G. Treble damages as authorized by statute (IMWL);

G.H.     Prejudgment interest;

30

EXHIBIT 1

~~H.~~I.     ~~Her reasonable~~Reasonable costs and attorneys' fees under all applicable statutes, including but not limited to 42 U.S.C. §1988, Title VII, ADA, FLSA, IMWL, and IWPCA;

~~I.~~J. Permanently enjoin ~~defendants~~Defendants, and all those persons acting in concert or participation with them, from discriminating against and harassing Plaintiff and other female officers and award other appropriate injunctive relief;

~~J.~~K.     Award Plaintiff all other relief as this Court deems appropriate, equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

> Respectfully submitted,
> HUNT LAW, P.C.
>
> _/s/ Keith L. Hunt_
> An Attorney for Plaintiff

Keith L. Hunt
Delaney A. Hunt
Hunt Law, P.C.
2275 Half Day Road
Suite 126
Bannockburn, IL 60015
(312) 558-1300 (p)
(312) 558-9911 (f)
khunt@huntpclaw.com
dhunt@huntpclaw.com

| Formatted: Hyperlink |
| Formatted: Hyperlink, Font: Arial, 12 pt, Font color: Blue |

| Formatted: Font: Arial, 12 pt |

31

**EXHIBIT 1**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Amended Complaint was served on all counsel of record through the Court's CM/ECF electronic filing system on October 4, 2024.

_____ *Keith L. Hunt (electronic signature)*

**Formatted:** Font: Arial, 12 pt

**EXHIBIT 1**